UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| PETITIONER, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| 2013 KENWORTH COMMERCIAL | § | |
| TRACTOR, VIN: 1XKFD49X0DJ337696, | § | |
| | § | |
| RESPONDENT. | § | |

EP24CV0171

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States

Attorney for the Western District of Texas and the undersigned Assistant United States Attorney,

pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

### I.
### NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United

States of the property described below:

- **2013 Kenworth Commercial Tractor, VIN: 1XKFD49X0DJ337696,**

hereinafter referred to as the "Respondent Property".

### II.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Property for the

violation of Title 21 U.S.C. §§ 846 and 841, and subject to forfeiture to the United States

pursuant to Title 21 U.S.C. §§ 881(a)(4) and (a)(6).

**Title 21 U.S.C. § 881.  Forfeitures**
* * *
**(a) Subject Property**
The following shall be subject to forfeiture to the United States and no property right shall exist in them:
***
**(4)** All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).
***
**(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### III.
### JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Property under Title 28 U.S.C. §§ 1355(b) and 1395(b). Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Property was seized in this district.

The Respondent Property was seized in the Western District of Texas, on or about January 25, 2024, by the United States Department of Homeland Security, Customs and Border Protection, and El Paso Fines, Penalties, and Forfeitures (FP&F).  The Respondent Property has remained in the custody of FP&F, within the jurisdiction of the United States District Court, Western District of Texas, El Paso Division, and shall remain within the jurisdiction of the court pending litigation of this case.

2

**IV.**
**FACTS IN SUPPORT OF FORFEITURE**

**A.      H.S.I. Special Agent Miguel A. Mendoza**

In the month of January 2024, Special Agents with Drug Enforcement Administration (DEA) and Homeland Security Investigations (HSI) El Paso were conducting an investigation of drug trafficking activity in El Paso, Texas. In connection with this investigation, on January 23, 2024, at approximately 1:00 p.m., HSI Special Agents conducted surveillance at 3700 Durazno Avenue, El Paso, Texas, which is a parking lot, located on the east side of the property.  The parking lot has signs posted that read, "PRIVATE PARKING Cars $15 and Trucks $25". Agents observed several individuals working on a utility trailer bearing Texas license plate 227B690. Agents noted that this utility trailer was parked behind a black 2013 Kenworth T700 tractor bearing New Mexico license plate IRM4340 (VIN#1XKFD49X0DJ337696), hereafter the "Respondent Property".    The Respondent Property had the business marking "DMJ TRANSPORT" on the side of the tractor.  Agents terminated surveillance at approximately 3:00 p.m.

On January 25, 2024, at approximately 4:15 p.m., Agents again conducted surveillance at 3700 Durazno Avenue and observed a female arrive at the listed address in a black in color SUV. The female was identified as Seidy MARTINEZ, hereafter referred to as MARTINEZ. Agents observed MARTINEZ speak with the driver of the Respondent Property, later identified as Ramiro MIJARES Arzaga (MIJARES), just before it departed from 3700 Durazno Avenue. Agents observed the tractor trailer rig enter Interstate-10 and proceed eastbound.  At approximately 4:45 p.m., HSI SAs relayed this information to U.S. Border Patrol Agents at the U.S. Border Patrol checkpoint near Sierra Blanca, Texas on I-10 East mile marker 102.5.

3

On January 25, 2024, at approximately 6:27 p.m., the Respondent Property hauling utility trailer bearing Texas license plate 227B690 (the same tractor trailer rig previously observed by agents at 3700 Durazno Avenue), approached the checkpoint for an immigration inspection of its sole occupant. At this time, BPAs were conducting sniffs with canine "Selena" of all vehicles entering the checkpoint's pre-primary inspection area. The BPA's canine "Selena" alerted to the Respondent Property and utility trailer for the presence of concealed humans and/or the odors of controlled substances.

The primary BPA met with the driver and sole occupant of the vehicle, later identified as MIJARES. MIJARES stated that he was a Mexican citizen and provided a valid immigration document (B1/B2 Visitor). MIJARES was asked what he was hauling and MIJARES provided the primary BPA with the bill of lading. Due to the canine alert, MIJARES was sent for secondary inspection.

During the secondary inspection, BPAs requested MIJARES exit the vehicle to allow the Canine Enforcement BPA and his assigned canine "Selena" to perform a non-intrusive canine sniff of the exterior of the vehicle. The Canine Enforcement BPA observed his canine "Selena" alert to a trained odor and indicate to the front driver side drain hole of the utility trailer. At this time, MIJARES was escorted inside the checkpoint office. The Canine Enforcement BPA searched the immediate area of the driver side drain of the utility trailer and discovered an exposed cellophane wrapped bundle covered in grease under the floorboard area of the utility trailer.

Upon further inspection, 45 vacuum sealed bundles containing a white powdery substance were discovered within the listed vehicle. The substance within the bundles was probed, and extracted, and field tested on site. The results were positive for the properties of

4

cocaine, a Schedule II controlled substance.   The total aggregated weight of the bundles was approximately 58.55 kilograms.

HSI Special Agents and Task Force Officers (TFO) arrived at the checkpoint and were briefed on the incident by the BPAs involved. MIJARES was provided his Miranda Rights. MIJARES read his Miranda Statement of Rights aloud in the Spanish language. MIJARES acknowledged both verbally and in writing that he understood his rights and waived his rights to have an attorney present during questioning. MIJARES was then interviewed and–made the following non verbatim statements.

MIJARES stated that he worked for a local trucking company for three years and on January 25, 2024, he crossed the international border at the Bridge of the Americas Port of Entry from Ciudad Juarez, Mexico into the United States while operating a blue tractor bearing a Mexican license plate hauling a white utility trailer bearing an Oklahoma license plate. MIJARES stated that he was contacted by his boss and told that he was going to be driving a different tractor/trailer. MIJARES stated that his boss told him another driver did not show up to work and that MIJARES would be taking a different load to Dallas, Texas. SAs asked MIJARES where he was going from Dallas, Texas and MIJARES stated that he would be returning to El Paso, Texas in the tractor. MIJARES stated that was unusual because he normally drives from Mexico to a U.S. based cardboard company in El Paso, Texas and then returns to Mexico. MIJARES was asked how many times he has gone to Dallas, Texas and MIJARES stated twice.

SAs asked MIJARES if he had brought anything over from Mexico on his trip in the morning. MIJARES stated that he usually comes across the border with an empty trailer and returns to Mexico with an empty trailer. MIJARES stated that he thought that was odd and that

it had been this way for about one year. MIJARES stated that he was also given fictitious manifest/bills of lading from his boss during these trips over the past year. SAs asked MIJARES how much he earned working for the local trucking company and MIJARES stated he made $300 per week. MIJARES later admitted that he had been to Dallas, Texas about 30 times before.

MIJARES stated that he met with his boss's wife (later determined to be Seidy MARTINEZ) just before departing 3700 Durazno Avenue, who provided him with his boss's debit card and a backpack with MIJARES' clothes for the trip. MIJARES stated that the debit card was to be used for gas and food along his trip.

SAs obtained voluntary verbal and written consent from MIJARES to conduct an electronic search of his cellular device. SAs examined MIJARES's cellular device and learned MIJARES was being paid cash for his trips, had previously planned this trip a week in advance, and learned that MIJARES was not only stopping in Dallas, Texas but was delivering the trailer to other cities further in the United States. SAs also found evidence where MIJARES delivered the tractor trailer and flew back from cities within the United States instead of driving the tractor trailer back. MIJARES later corroborated this evidence after being confronted with the messages.

MIJARES admitted to SAs he believed his employment with the local trucking company was odd as he sometimes delivered empty trailers with false bill of lading documents. MIJARES told agents he believed the trucking company engaged in bad things and believed he could be transporting drugs.

On February 21, 2024, a Federal Grand Jury in the United States District Court for the Western District of Texas in El Paso, Texas, returned a True Bill indictment for MIJARES for

Conspiracy to Possess a Controlled Substance with Intent to Distribute (21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(C)) and Possession of a Controlled Substance with Intent to Distribute (21 U.S.C. §§ 841(a)(1) stemming from his apprehension on January 25, 2024 for possession of cocaine.

Agents discovered that the Respondent Property's license plate, New Mexico IRM4340, was valid from on or about December 1, 2023, with an expiration of March 31, 2024. The Respondent Property was registered to DMJ Transport LLC, out of Los Lunas, New Mexico.

**B.      DEA Special Agent Alexander A. Medina**

In October 2023, the Organized Crime Drug Enforcement Task Force (OCDETF) Strike Force 3 (SF3) Special Agents initiated an investigation into the Drug Trafficking activities of Andres CERECERES, hereafter referred to as CERECERES, who has been identified as a multi-kilogram quantity of cocaine facilitator/coordinator operating out of the El Paso, Texas/Ciudad Juarez, Chihuahua, Mexico corridor. CERECERES is Seidy MARTINEZ's husband.

During the course of the investigation, through a Texas Workforce Commission inquiry, agents learned that MARTINEZ has reported approximately $625.00 in wages in the last quarter of the year 2021, $625.00 in the first quarter of 2022 and $250.00 in the second quarter of 2022. During this time frame, MARTINEZ reported to have been working for the El Paso Independent School District.  MARTINEZ has not reported any other wages since those reported in 2022.

Through a Texas Department of Motor Vehicles (DMV) inquiry, agents learned that a Bill of Sale was submitted indicating that MARTINEZ had purchased the Respondent Property, a 2013 Kenworth Tractor, VIN 1XKFD49X0DJ337696, from Edward Cereceres, the brother of Andres CERECERES, in exchange for $6,000.00 in May 2022. The Texas DMV inquiry also revealed that the 2013 Kenworth title and registration had been transferred from EPTX Logistics

to MARTINEZ on or about May 2021.  No purchase price is indicated. According to the DMV inquiry, on or about January 2022, MARTINEZ transferred the title and registration of the Respondent Property to Edward CERECERES.  No purchase price is indicated. As previously stated, the DMV records indicate Edward CERECERES sold the Respondent Property to MARTINEZ on or about May 2022. On January 10, 2024, MARTINEZ applied for a certified copy of title for the Respondent Property under her name. On or about February 26, 2024, the U.S. Customs and Border Protection deemed the appraised value of the Respondent Property to be $22,563.00.

On February 13, 2024, SF3 agents established surveillance in the vicinity of the 7000 block of Enchanted View Drive, El Paso, Texas, 79912, which was the residence of CERECERES, MARTINEZ and their children. Surveillance was conducted in an effort to establish a "life-style" pattern for MARTINEZ. Upon arrival at the aforementioned address, agents observed MARTINEZ along with a younger Hispanic male loading miscellaneous furniture into the back of a flatbed trailer. The trailer was hooked up to a blue Ford Raptor pick-up truck that is registered to MARTINEZ. On the same date, agents learned that MARTINEZ entered into Ciudad Juarez, Chihuahua, Mexico in the Blue Ford Raptor pulling the flatbed trailer that was loaded with furniture. Agents suspect that MARTINEZ was moving out of her residence in El Paso, Texas to reunite with CERECERES who left to reside in Ciudad Juarez, Chihuahua, Mexico.

On February 21, 2024, SF3 agents encountered MARTINEZ as she attempted entry into the United States while operating a black Lincoln Navigator. On the same date, SF3 agents seized the black Navigator from MARTINEZ as the vehicle was previously utilized in the commission of a Title 21 violation in the Western District of Texas. Prior to seizing the vehicle,

8

SF3 agents removed all personal property from the black Lincoln Navigator and gave the property to MARTINEZ. In the vehicle, SF3 agents discovered a folder containing registration documents for a youth private school in Ciudad Juarez, Chihuahua, Mexico.

Subsequently, SF3 agents contacted the Canutillo Independent School District Police department in an effort to discover if MARTINEZ had removed her children from the school district. SF3 agents were then advised by CISD Police that MARTINEZ had indeed approached the school her children were enrolled in and requested her children's report cards because she intended to enroll her children in a school in Ciudad Juarez, Chihuahua, Mexico.

The United States asserts that there is probable cause to believe that the Respondent Property was used to facilitate the commission of and/or purchased with proceeds from illegal drug trafficking activities in violation of Title 21 U.S.C. §§ 846 and 841, given the totality of the foregoing facts and circumstances, namely, that 58.55 kilograms of cocaine were seized from the Respondent Property, that MIJARES admitted that "he could be transporting drugs" in the Respondent Property, and CERECERES, the Respondent Property's registered owner's husband, left the United States to reside and remain in Ciudad Juarez, Chihuahua, Mexico. In addition, there is a reasonable inference from the facts described herein that MARTINEZ is a nominee owner of the Respondent Property. First, from a review of Texas Workforce Commission records, MARTINEZ clearly earned insufficient income to purchase the Respondent Property or to own the other vehicles registered in her name or that she was seen driving, such as the Ford Raptor pickup truck and the Lincoln Navigator, which was used in a separate drug trafficking incident. Second, there were numerous transfers of title and registration of the Respondent Property for no apparent legitimate purpose between MARTINEZ and her brother-in-law. The

Respondent Property is thereby subject to forfeiture pursuant to Title 21 U.S.C. §§ 881(a)(4) and (a)(6).

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the contents in Respondent Property, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that a warrant for an arrest in rem be ordered, that the contents in Respondent Property be forfeited to the United States of America, that the contents in Respondent Property be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

By: _____
PATRICIA J. ACOSTA
Assistant United States Attorney
Texas Bar No. 90001590
700 E. San Antonio Ave., Suite 200
El Paso, Texas 79901
Tel: (915) 534-6884
Email: patricia.j.acosta@usdoj.gov

---

[1] Appendix B, Notice of Complaint of Forfeiture, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

## VERIFICATION

Homeland Security Investigations ("HSI") Special Agent Miguel A. Mendoza, declares and says that:

1.      I am a Special Agent with HSI assigned to the El Paso field office.  I am one of the investigators responsible for the accuracy of the information provided in this litigation.

2.      I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _16th_ day of May, 2024.

Miguel A. Mendoza, Special Agent
Homeland Security Investigations

## VERIFICATION

Drug Enforcement Administration (DEA) Special Agent Alexander A. Medina, declares and says that:

1.      I am a Special Agent with DEA assigned to the El Paso office.  I am one of the investigators responsible for the accuracy of the information provided in this litigation.

2.      I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of May, 2024.

_alexander medina_
_____
Alexander A. Medina, Special Agent
Drug Enforcement Administration